# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

ASHLYNN ARNOLD,

     Plaintiff,

v.                                    Case No. 3:22-cv-427-BJD-JBT

LEAVY BROTHERS MOVING &
STORAGE, INC. and MICHAEL
BURWELL,

     Defendants.

_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand (Doc. 11) and Defendants' Response in Opposition (Doc. 21).

On July 2, 2021, Defendant Michael Burwell is alleged to have worked as a driver for Defendant Leavy Brothers Moving & Storage, Inc. when the vehicle he was driving collided with the vehicle Plaintiff was driving. (Doc. 3). Plaintiff filed suit in state court against Defendants on October 27, 2021, for, among other things, Defendants' negligence in causing the accident. (Doc. 11.3 at 1). Plaintiff served Defendants on November 16, 2021. (Doc. 11.4). When Defendants failed to timely respond, the state court entered defaults against Defendants. (Doc. 11.6).

Plaintiff filed an amended complaint in state court on January 31, 2022 (Doc. 11.7), which Plaintiff claims to have served on Defendants on February 3 and 4. (Doc. 11.8).[1]  The amended complaint reflects that Plaintiff sought more than $75,000.00 in damages. (Doc. 3 at 1). Defendants removed the case from state court to this Court on April 14, 2022, by invoking this Court's diversity jurisdiction. (Doc. 1). Plaintiff seeks remand on the basis that removal was untimely.

The general rule is that a case must be removed within 30 days of service upon a defendant of a document "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Defendants argue they could not unambiguously determine whether the case was removable. Defendants also complain about Plaintiff's "unusual" service of process. Initially, the Court notes Plaintiff served the original complaint through a valid service processor— something Defendants do not dispute. When Defendants failed to respond, Plaintiff obtained a clerk's default.

Florida Rule of Judicial Administration 2.516 does not require a plaintiff to continue serving a defaulted party so long as new claims are not

---

[1] The returns of service only reflect hand service on Defendant Leavy Brothers. (See generally Doc. 11.8). Docket Entry 11.9 evidences Plaintiff's service on Defendant Burwell via certified mail.

asserted.[2] The amended complaint only added that Plaintiff sought damages exceeding $75,000.00. Since no new claims were added, no service was needed. Still, Plaintiff endeavored to provide copies of the amended complaint to Defendants.

Defendants argue that removal was timely because the amended complaint fails to establish diversity jurisdiction where Plaintiff pleads only her residence and not her citizenship. It is well established that an individual's citizenship is where they are domiciled. Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1269 (11th Cir. 2013). A person's domicile is where the person resides and intends to remain. Id. Defendants rightly note that Plaintiff's amended complaint does not explicitly state the basis for diversity jurisdiction because Plaintiff's residence is not sufficient to establish her citizenship. Defendants rely on the traffic crash report which contains Plaintiff's Florida driver's license and Florida phone number to show Plaintiff is a citizen of Florida.

 The information upon which Defendants rely was available to Defendants or in Defendants possession' since this case's inception. Defendant Burwell was given a citation for causing the accident and the

---

[2] Federal Rule of Civil Procedure 5(a)(2) is similar in that no service is required to be made on a defaulted party unless a new claim for relief is asserted.

traffic crash report that Defendants reference was created on scene. (Doc. 1.2). The report contains Plaintiff's Florida telephone number and driver's license. Moreover, Defendants knew Plaintiff claimed to be a Florida resident, was driving in Florida at the time of the crash near her residence, and retained a Florida law firm to represent her. When a pleading "provides at least a clue as to the plaintiff's citizenship, the burden is on the defendant to file the petition for removal within thirty days of receipt . . . ." Kuhn v. Brunswick Corp., 871 F. Supp. 1444, 1446 (N.D. Ga. 1994) disagreed with on other grounds, Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1209 n.9 (11th Cir. 2008). The amended complaint provides more than a clue as to Plaintiff's citizenship.

The Court recognizes that the Eleventh Circuit Court of Appeals has not definitely ruled on what duty, if any, a defendant has in ascertaining a party's citizenship in relation to the timing of removal where the plaintiff fails to state the grounds supporting removal clearly in a state court complaint. When confronted with the issue, district courts have reached divergent conclusions. See, e.g., DRB Realty & Props., LLC v. Nutrien Ag Sols., Inc., No. 1:22-CV-00363-VMC, 2022 WL 3700104, at *2 (N.D. Ga. May 10, 2022) (comparing district court cases reaching different results in

how to determine a removing defendant's responsibility for ascertaining a plaintiff's citizenship).

Some courts, such as the one in <u>Alfie v. Alfie</u>, No. 07-20508-CIV, 2007 WL 9709737, at *7 (S.D. Fla. May 30, 2007) concluded that the 30-day clock for removal does not begin until the plaintiff serves a paper clearly stating facts supporting federal jurisdiction. While <u>Alfie's</u> holding is well-supported, it also means that a Defendant would have no burden to remove a case where a Plaintiff plead all facts establishing diversity jurisdiction except the defendant's citizenship. Clearly the defendant's citizenship is known by the defendant and federal jurisdiction is readily "ascertained." However, the holding in <u>Alfie</u> would allow the defendant up to a year to remove the case simply because the plaintiff failed to state a fact the defendant knew or should have known when the complaint was filed. The consequence is that a defendant could then explore the state court litigation to see how it faired, and, if it was displeased, to simply remove the case to federal court for a redo. The Court is persuaded that such a result is inconsistent with the purpose and text limiting a defendant's right to removal.

In support of this conclusion, the Eleventh Circuit explained that a defendant's "right to remove and plaintiff's right to choose his forum are

not on equal footing" and for this reason "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir. 1994). 28 U.S.C. section 1446(b)(3) starts the 30-day removal window "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." When the amended complaint was filed in this case Defendants already received ample material or "other paper" (via the citation, traffic crash report, attorney location, Plaintiff's telephone number, Plaintiff's location at the time of crash, and Plaintiff's residence) that strongly suggest Plaintiff was a citizen of Florida and that her citizenship was diverse from Defendants. The amended complaint also explicitly sought more than $75,000.00 in damages. There is no statutory requirement that Plaintiff have provided the information, just that Defendants were in "receipt" of the information—a fact Defendants do not dispute.

Additionally, the idea that Defendants can sit and wait to remove a case until Plaintiff unambiguously pleads jurisdictional facts runs counter to the purpose behind the 30-day time limitation. Namely, the 30-day

removal window deprives "the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system" and prevents "the delay and waste of resources involved in starting a case over in a second court after significant proceedings . . . ." Clegg v. Bristol-Myers Squibb Co., 285 B.R. 23, 30–31 (M.D. Fla. 2002) (Corrigan, J.) (internal quotations omitted). It was readily apparent that diversity jurisdiction existed when Plaintiff filed her amended complaint. Defendants did not remove the case within 30 days of Plaintiff's amended complaint and are now in default. Allowing Defendants to remove this case would be inefficient and provide an unfair tactical advantage. This case is due to be remanded.

Having determined that removal in this case was inappropriate, the Court next turns to the application of 28 U.S.C. § 1447(c), which allows the imposition of attorney's fees where a case is remanded to state court after removal and that the removing party lacked an objectively reasonable basis for seeking removal. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (holding that an award of attorney's fees should be denied "when an objectively reasonable basis exists" for removal); Bauknight v. Monroe Cnty., Fla., 446 F.3d 1327, 1329 (11th Cir. 2006). The award of

attorney's fees is to compensate the non-removing party. <u>Bldg. Materials Corp. of Am.</u>, No. 615CV548ORL22GJK, 2018 WL 1008442, at *3 (M.D. Fla. Feb. 22, 2018).

Based on the record before it, the Court determines that Defendants had an objectively reasonable basis to remove this case, and that attorneys' fees should not be awarded. Removal was rightly predicated on the Court's diversity jurisdiction. Its timing, however, is subject to dispute as to its reasonableness as there is some ambiguity in the district courts of the Eleventh Circuit regarding when a Defendant must remove a case where a complaint only pleads a plaintiff's residence.

Accordingly, after due consideration, it is

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. 11) is **GRANTED**.

2. The Clerk of the Court is **DIRECTED** to remand this case to the Circuit Court for the Fourth Judicial Circuit, in and for Duval County, Florida, and to transmit a certified copy of this Order to the clerk of that court. The Clerk of the Court shall then close this file and terminate any remaining motions and deadlines.

**DONE** and **ORDERED** in Jacksonville, Florida this 3ʳᵈ day of ~~February~~ MARCH, 2023.

BRIAN J. DAVIS
United States District Judge

2
Copies furnished to:

Counsel of Record
/p